**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ARIEL CARRETO FELIPE** | **CIVIL ACTION** |
| v. | |
| **J.L. JAMISON,** *et al.* | **No. 26-3899** |

**Henry, J.**                                                                                         **June 10, 2026**

**MEMORANDUM**

Ariel Carreto Felipe is one of many who have recently been detained by immigration authorities under the purported authority of Immigration and Nationality Act (INA) § 235, *codified at* 8 U.S.C. § 1225. The respondents argue that this statute, properly interpreted, permits them to treat as "seeking admission" an immigrant who was not inspected upon arrival in the country, no matter how long ago that arrival occurred. This distinction deprives a detainee like Carreto Felipe of any hearing at which he could try to prove that he should be released on bond. Because I join the analysis of many other decisions in recent months rejecting the BIA's analysis, and because I am more persuaded by appellate authority that favors the petitioner, I grant Carreto Felipe's petition for a writ of habeas corpus and order his immediate release, subject to possible later rearrest.

## I. Background

On June 5, 2026, Carreto Felipe filed a petition for a writ of habeas corpus.[*] The respondents have offered no dispute as to the factual content of the petition or suggested the need

---

[*] A second petition for habeas relief was filed on Mr. Felipe's behalf by another attorney. After inquiry by the Court, it became clear that the second petition was accidentally duplicative, and

for further evidence. *See* Opp. 4 ("case turns principally on the threshold question of statutory interpretation").

Carreto Felipe is detained at the Philadelphia Federal Detention Center (FDC) under Warden J.L. Jamison, after being arrested by immigration authorities. Pet'n ¶ 2. He was born in Guatemala, but he left that country for the United States and entered through the southern border around October 31, 2018. *Id.* ¶¶ 17–18. Carreto Felipe was compliant with the conditions of his removal proceedings and immigration release. *Id.* ¶ 20. He was arrested in the Philadelphia area while on his way to work with his uncle. *Id.* ¶ 21. Because Carreto Felipe is detained under the government's reading of the mandatory detention provision of 8 U.S.C. § 1225 (INA § 235), the respondents have determined that he will not be permitted a bond hearing, Opp. 9. Carreto Felipe argues that the mandatory detention provision is inapplicable and applied against the statute and the constitution because he is not "seeking admission."

## II. <u>Discussion</u>

As the respondents acknowledge, "the case turns principally on the threshold question of statutory interpretation" regarding the immigration detention statutes. Opp. 4. The question resolves into arguments about interpreting Section 1225, which may also touch on the Constitution's Due Process Clause as well as immigration regulations. The issue has been considered directly by several appellate courts. *Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891 (6th Cir. May 11, 2026) (split opinion against government's reading); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami,* et al., 175 F.4th 1258, 1285 (11th Cir. May 6, 2026) (split opinion against government's reading); *Barbosa da Cunha v. Freden*, 175 F.4th 61, 96 (2d Cir. Apr. 28,

---

the attorney who had filed it voluntarily dismissed the petition. *See* Docket, No. 26-cv-3909 (E.D. Pa. June 9, 2026).

2026) (unanimously against government's reading); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. Feb. 6, 2026) (split opinion in favor of government); *Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. Mar. 25, 2026) (split opinion in favor of government). The Seventh Circuit in *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1062 (7th Cir. 2025) concluded at the level of a preliminary injunction that the government was not likely to succeed on the merits of its argument for mandatory detention of applicants for admission present under § 1225(b)(2)(A)), but in a more recent opinion the panel split three ways, with one judge in favor of and one opposed to the government's reading and one not reaching the merits because of a local procedural issue not present here, *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 2026 WL 1223250 (7th Cir. May 5, 2026). The Court of Appeals for the Third Circuit, whose decisions bind this Court, has before it appeals of the same issue, *Lopes De Andrade v. Director Philadelphia Field Office Immigration and Customs Enforcement,* et al., No. 26-1454 (3d Cir.), which was argued recently.

The question in those cases generally, as made particular here: Is Carreto Felipe properly detained under the mandatory detention provisions in 8 U.S.C. § 1225? According to respondents, this detention falls within the ambit of § 1225(b)(2)(A): "[I]n the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien *seeking admission* is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained . . ." (emphasis added). The respondents claim that Carreto Felipe was "seeking admission" under this section, although he had been in the country since October, 2018, and was detained in May, 2026. This reading suffers from several textual problems: It is not a plain reading of the text, since it would run against statutory definitions (and be strange otherwise) to say that Carreto Felipe "seeks" to be "admitted" to a place he had already entered. *Barbosa da Cunha*, 175 F.4th at 82. It

threatens to make meaningless the concurrent requirement that the same "alien *seeking* admission" be an "*applicant* for admission." *Id.*; *Buenrostro-Mendez*, 166 F.4th at 509 (Douglas, J., dissenting). It would similarly make Congress's recent enactment of the Laken Riley Act, Pub. L. No. 119-1, 139 Stat. 3 (2025), which separately expanded mandatory detention, "beside the point." *Demirel*, 2025 WL 3218243 at *4 (E.D. Pa. Nov. 18, 2025) (citing *Stone v. I.N.S.*, 514 U.S. 386, 397 (1995)). *But see Buenrostro-Mendez*, 166 F.4th at 505 (offering alternative analysis of effect of Laken Riley Act). And it would seem to contravene the Supreme Court's own interpretation of the function of these statutes. *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) ("law authorizes the Government to detain certain *aliens seeking admission* into the country under §§ 1225(b)(1) and (b)(2) [and] to detain certain *aliens already in the country* pending the outcome of removal proceedings under §§ 1226(a) and (c)").

Where this Court has spoken several hundred times on the matter in the past months, a deeper giving of reasons on this legal point would be merely cumulative. Because I find the statutory arguments sufficient to hold unlawful his present detention, I need not reach constitutional or regulatory arguments.

The respondents do not argue that Carreto Felipe is presently detained pursuant to both § 1226 and § 1225. Section 1226 permits detention but would generally permit the detainee to seek bond. The government has occasionally argued that these two sections cover non-overlapping groups of detainees. *See Demirel*, 2025 WL 3218243, at *5. Since Carreto Felipe has not had a bond hearing, even if I were to hold that he is detained pursuant to § 1226, his detention without a bond hearing would be unlawful.

### III. <u>Conclusion</u>

For the reasons given above, Carreto Felipe's present detention under § 1225 is unlawful, and he must be released. I will issue an order granting him a bond hearing upon any future detention under § 1226.